U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 0 2 2016

TONY R. MOORE CLERK
BY _____
           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LOUIS VERNON JACKSON, Plaintiff | CIVIL ACTION NO. 1:16-CV-1062; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| NATCHITOCHES POLICE DEPT., ET AL., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (28 U.S.C. § 1983) filed on July 18, 2016, by pro se Plaintiff Louis Vernon Jackson. On July 25, 2016, Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 4). Plaintiff is a pretrial detainee incarcerated at the Natchitoches Parish Detention Center. Plaintiff alleges that he was subjected to excessive force during his arrest. He names as defendants the Natchitoches Police Department, Lt. Ross Desadier, and Cpl. John Norsworthy.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Allegations

On May 7, 2016, Plaintiff was arrested on charges of obscenity, resisting an officer by force or violence, and possession of synthetic marijuana with intent to distribute. (Doc. 1, p. 9). Plaintiff was booked into the Natchitoches Parish Jail, where he remains incarcerated pending disposition of the charges.

According to Plaintiff, he spoke "respectfully" to Lt. Desadier, but the lieutenant "threw Plaintiff on the ground." Cpl. Norsworthy placed handcuffs on Plaintiff, and both officers "jerked Plaintiff up from the ground." (Doc. 1, p. 3-4). Plaintiff alleges that Lt. Desadier then grabbed Plaintiff by the throat, "choking and shoving Plaintiff all the way to the exit door where Plaintiff passed out and fell to the ground." (Doc. 1, p. 4). Plaintiff's tooth was cracked in the incident, which required extraction.

According to the arrest report, Cpl. John Norsworthy and Ofc. Alexander Capon were dispatched following a report of a male exposing his genitals and masturbating in front of a female subject. Cpl. Norsworthy approached Plaintiff, who began gathering his belongings. Cpl. Norsworthy advised Plaintiff to put the items down. (Doc. 1, p. 9). Plaintiff began yelling at Cpl. Norsworthy, who attempted to restrain Plaintiff. Plaintiff attempted to evade Cpl. Norsworthy and shove him away. Cpl. Norsworthy had to forcefully bring Plaintiff to the ground. (Doc. 1, p. 9).

Lt. Desadier arrived on the scene and assisted Cpl. Norsworthy by restraining and pinning Plaintiff's legs. Cpl. Norsworthy handcuffed Plaintiff, who then refused to get up off of the ground. The officers were able to get Plaintiff up. As the officers were escorting Plaintiff to the door, Plaintiff tried to pull away and began thrashing violently. (Doc. 1, p. 9). Cpl. Norsworthy grabbed Plaintiff around the throat in an effort to subdue him. When Cpl. Norsworthy got Plaintiff to the door, he fell to the ground. Cpl. Norsworthy held Plaintiff on the ground until Ofc. Capon pulled his unit

around. Plaintiff was then loaded in the unit and transported for booking. (Doc. 1, p. 9).

## Law and Analysis

Plaintiff was charged with resisting an officer by force or violence, obscenity, and possession of synthetic marijuana with intent to distribute. (Doc. 1, p. 9). If Plaintiff is ultimately convicted of the charge of resisting an officer by force or violence, a favorable ruling on his excessive force claim could call into question the validity of that conviction. Plaintiff would not be entitled to seek damages for excessive force until such time as the conviction in question had been declared invalid. See Heck v. Humphrey, 512 U.S. 477 (1994).[1] However, since the criminal prosecution in Plaintiff's case remains pending, Heck does not apply at this time. See Wallace v. Kato, 549 U.S. 384 (2007) (the Heck rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

In cases such as Plaintiff's, where charges remain pending, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest,

---

[1] In Heck, the Supreme court held that, in order to recover damages for an allegedly unconstitutional imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994).

prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. See Wallace, 549 U.S. at 393-94.

In Wallace, the Court stated, "if a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended." Id. at 393-94. The Fifth Circuit has noted that, in such cases, the court "may - indeed should - stay proceedings in the section 1983 case until the pending criminal case has run its course. . . ." Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995); see also Busick v. City of Madison Miss., 90 Fed. Appx. 713, 713–714 (5th Cir. 2004).

Plaintiff's excessive force claim should be stayed pending the outcome of the criminal prosecution for resisting an officer by force or violence. Thereafter, in the event Plaintiff is convicted of resisting an officer, he may pursue this § 1983 claim only upon a showing that the suit is not barred by Heck.

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights claim be **STAYED** until the criminal proceedings against Plaintiff are completed, subject to the following conditions:

a. Within thirty (30) days of the date the state court criminal proceedings have concluded, Plaintiff **SHALL FILE** a motion asking this Court to lift the stay. The action will proceed at that time, absent some other bar to suit. See Wallace v. Kato, 549 U.S. 384 (2007).

b. If the criminal proceedings are not concluded within six (6) months, on January 28, 2017, Plaintiff **SHALL FILE** a status report indicating the

4

    expected completion date of the proceeding. Additional status reports shall be filed every six (6) months thereafter until the stay is lifted.

   c. In light of the stay, Plaintiff **SHALL NOT** file any more documents in this action until the state court proceedings have concluded.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 2nd day of August, 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge